IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALESSA PARTNERS, LLC, an Illinois limited liability company, )<br><br>Plaintiff, )<br><br>v. )<br><br>SPECIALTY TAPE & LABEL COMPANY, INC., an Illinois corporation, )<br><br>Defendant. ) | Case No.<br><br>Hon.<br><br>Magistrate<br><br>```<br>FILED: SEPTEMBER 4, 2008<br>08CV5057<br>JUDGE COAR<br>MAGISTRATE JUDGE VALDEZ<br>YM<br>``` |

## NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Northern District of Illinois on September 4, 2008. A copy of the Notice of Removal is attached to this Notice, and is served and filed herewith.

          Respectfully submitted,

          MOMKUS McCLUSKEY, LLC

    By:   /s/ James S. Harkness

James S. Harkness, Esq. (ARDC: 6237256, Email: jharkness@momlaw.com)
Jefferson F. Perkins, Esq. (ARDC 6184458; Email: jperkins@momlaw.com)
MOMKUS McCLUSKEY, LLC
1001 Warrenville Road, Suite 500
(630) 434-0400; (630) 434-0444 Fax
Attorneys for Defendant
Firm No. 13124754
W:\26_59\30149.000002 Pavezza - Patent Infringement Dispute\Pleadings\Notice-Federal

## PROOF OF SERVICE

      Under penalties as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, Sabrina Sanders, the undersigned non-attorney certifies that she served a true and correct copy of *Notice of Removal to Federal Court* to all counsel of record, by (1) electronic mail, and (2) mailing such copies in a stamped envelope, addressed to each party and depositing same in a U.S. Mail Box at Lisle, Illinois, 60532 on September 4, 2008

                                                        /s/ Sabrina Sanders

James S. Harkness, Esq. (ARDC: 6237256, Email: jharkness@momlaw.com)
Jefferson F. Perkins, Esq. (ARDC 6184458; Email: jperkins@momlaw.com)
MOMKUS McCLUSKEY, LLC
1001 Warrenville Road, Suite 500
(630) 434-0400; (630) 434-0444 Fax
Attorneys for Defendant
Firm No. 13124754
W:\26_59\30149.000002 Pavezza - Patent Infringement Dispute\Pleadings\Notice-Federal

```
08CV5057
JUDGE COAR
MAGISTRATE JUDGE VALDEZ
YM
```

# EXHIBIT A

Case 1:08-cv-05057   Document 1-2   Filed 09/04/2008   Page 1 of 14

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

(Name all parties)

MALESSA PARTNERS, LLC

v.

SPECIALTY TAPE & LABEL COMPANY, INC.

08CH25807

please serve Specialty Tape & Label Company, Inc. at 7830 W. 47th St., Lyons, IL

SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 91139
Name: FITCH EVEN TABIN & FLANNERY
Atty. for: PLAINTIFF
Address: 120 S. LA SALLE ST., STE. 1600
City/State/Zip: CHICAGO, IL 60603
Telephone: 312-577-7000
Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUL 17 2008

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

(Name all parties)

MALESSA PARTNERS, LLC

v.

SPECIALTY TAPE & LABEL COMPANY, INC.

No. 08CH25807

*please serve Specialty Tape & Label Company, Inc. at 7830 W. 47th St., Lyons, IL*

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie  
5600 Old Orchard Rd.  
Skokie, IL 60077

☐ District 3 - Rolling Meadows  
2121 Euclid  
Rolling Meadows, IL 60008

☐ District 4 - Maywood  
1500 Maybrook Ave.  
Maywood, IL 60153

☐ District 5 - Bridgeview  
10220 S. 76th Ave.  
Bridgeview, IL 60455

☐ District 6 - Markham  
16501 S. Kedzie Pkwy.  
Markham, IL 60426

☐ Child Support  
28 North Clark St., Room 200  
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

**JUL 17 2008**

Atty. No.: 91139  
Name: FITCH EVEN TABIN & FLANNERY  
Atty. for: PLAINTIFF  
Address: 120 S. LA SALLE ST., STE. 1600  
City/State/Zip: CHICAGO, IL 60603  
Telephone: 312-577-7000  
Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

**DOROTHY BROWN**  
**CLERK OF CIRCUIT COURT**

Clerk of Court

Date of service: _____  
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MALESSA PARTNERS, LLC, an Illinois limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 08CH25807 ) ) |
| SPECIALTY TAPE & LABEL COMPANY, INC., an Illinois corporation, | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S VERIFIED COMPLAINT AT LAW**

NOW COMES Plaintiff, Malessa Partners, L.L.C. ("MALESSA"), by and through its attorneys, Fitch, Even, Tabin & Flannery, and states the following for its Verified Complaint against Defendant, Specialty Tape & Label Company, Inc. ("SPECIALTY") for specific performance of contract:

1.　　Plaintiff MALESSA is an Illinois limited liability company with its principal place of business in Rockford, Illinois.

2.　　Defendant SPECIALTY is an Illinois corporation doing business in the Village of Lyons, Cook County, Illinois.

3.　　MALESSA owns United States Patent Nos. 6,182,572 and 6,389,971 (the "Licensed Patents").

4.　　On or about March 8, 2003, MALESSA and SPECIALTY entered into a written contract (the "License Agreement") concerning licensing rights relating to the above named patents. A true and correct copy of the License Agreement is attached hereto as EXHIBIT A.

5.      In accordance with paragraph 1 of the License Agreement, MALESSA granted SPECIALTY the right to use the technology of the Licensed Patents to produce products (the "Licensed Products").

6.      In accordance with paragraph 2 of the License Agreement, MALESSA provided technical information and expertise, through Mr. John J. McKillip, to SPECIALTY to make effective use of the Licensed Patents.

7.      In accordance with paragraph 3 of the License Agreement, SPECIALTY agreed to pay MALESSA royalties at a rate of 10 percent (10%), or a rate otherwise agreed upon by the parties on a case-by-case basis, of the sales price of all Licensed Products.

8.      In accordance with paragraph 4 of the License Agreement, SPECIALTY also agreed to make its royalty payments to MALESSA on a monthly basis and on or before the 15th day of each month.

9.      Since the parties entered into the License Agreement, SPECIALTY has produced and sold Licensed Products.

10.     Upon information and belief, SPECIALTY has sold and continues to sell Licensed Products for which royalty payments are due, but SPECIALTY has failed to make such royalty payments.

11.     MALESSA has repeatedly asked SPECIALTY for its past due royalty payments.

12.     SPECIALTY informed MALESSA through facsimile on April 29, 2008, that its attorney is reviewing the License Agreement and instructed it "not to do anything." A true and correct copy of the facsimile is attached hereto as EXHIBIT B.

13.     Upon information and belief, Mr. Jefferson Perkins of Momkus McCluskey LLC represents SPECIALTY.

14. Counsel for MALESSA has inquired as to whether SPECIALTY has made all the royalty payments due under the License Agreement. True and correct copies of letters to Mr. Perkins are attached hereto as group EXHIBIT C.

15. Neither Mr. Perkins nor SPECIALTY has responded in writing to the inquiries from MALESSA's counsel.

16. In accordance with paragraph 4 of the License Agreement, SPECIALTY additionally agreed to keep accurate records of the quantity and sales price of Licensed Products manufactured and sold under the License Agreement.

17. In accordance with paragraph 4 of the License Agreement, SPECIALTY further agreed to allow MALESSA to review such records at all reasonable times.

18. MALESSA has requested that SPECIALTY make such records available for review. A true and correct copy of a June 3, 2008 letter to Mr. Perkins is attached hereto as EXHIBIT D.

19. Neither Mr. Perkins nor SPECIALTY has responded to MALESSA's request to inspect the records of the quantity and sales price of Licensed Products manufactured and sold under the License Agreement.

20. Neither party has given notice to not renew the License Agreement.

21. One or more of the Licensed Patents are still in effect.

22. MALESSA has not given notice to terminate the License Agreement.

23. The License Agreement is a valid and enforceable contract.

24. MALESSA has performed its duties and obligations under the License Agreement.

25. SPECIALTY has failed to perform its obligations under the License Agreement by failing and refusing to provide an accounting of all royalty payments due under the License

Agreement and by failing and refusing to make all royalty payments due under the License Agreement.

26.     As a result of SPECIALTY's failure to perform its obligations under the License Agreement, MALESSA has suffered injury in the form of withheld royalty payments of an indeterminate amount.

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of Malessa Partners, LLC and against Defendant as follows:

(1)     ordering Defendant to provide a certified accounting of all royalties due under the License Agreement;

(2)     awarding Plaintiff all past due royalties under the License Agreement;

(3)     enjoining Defendant from refusing to provide future accountings of royalties due under the License Agreement for so long as the License Agreement is in effect;

(4)     enjoining Defendant from refusing to pay future royalties due under the License Agreement for so long as the License Agreement is in effect;

(5)     awarding costs to Plaintiff; and

(6)     awarding such other and further relief as the court may consider proper, including attorneys' fees.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
John J. McKillip, Manager
Malessa Partners, L.L.C.

Respectfully submitted,
Plaintiff, MALESSA PARTNERS, LLC

By: ___/s/ Ted S P L___

One of its attorneys

Jon A. Birmingham
Ted S. P. Li
Fitch, Even, Tabin & Flannery
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
(312) 577-7000 (telephone)
(312) 577-7007 (facsimile)
Atty I.D. No. 91139

513293

## LICENSE AGREEMENT

AGREEMENT made, as of the date of execution, between MALESSA PARTNERS, L.L.C., 3138 Andover Drive, Rockford, Illinois 61114 (hereinafter "Licensor") and SPECIALTY TAPE & LABEL COMPANY, INC., 7830 W. 47th St., Lyons, Illinois 60543 (hereinafter "Licensee").

WHEREAS, Licensor is the exclusive owner of United States Patent Nos. 6,182,572 and 6,389,971 (hereinafter "the Licensed Patents").

WHEREAS, Licensor has exclusive access to technical information and expertise in the use of the Licensed Patents through the Inventor, JOHN J. MCKILLIP.

WHEREAS, Licensee desires a license to make use of the technology of the Licensed Patents and any future patents derived from the licensed patents to produce products (hereinafter "the "Licensed Products"), and Licensor is willing to grant such a license to Licensee.

NOW THEREFORE, in consideration of the premises and mutual covenants herein contained, IT IS AGREED by and between the parties hereto as follows:

1. *License grant.* Licensor hereby grants to Licensee a non-exclusive and non-transferable license to use the patented technology of the Licensed Patents or any future patents derived therefrom to manufacture product. Licensee is not permitted to use independent contractors unless such contractors shall have been licensed by Licensor. Licensor further provides no indemnity for third party claims.

2. *Information.* Licensor shall provide technical information and expertise as is necessary, by the way of JOHN J. MCKILLIP, for Licensee to make effective use of the Licensed Patents, and Licencee shall keep all such information and advice in confidence. Licensor shall have no responsibility for the ability of Licensee to use such information or the quality or performance of the product produced therefrom by Licensee.

3. *Royalty.* Licensee shall pay to Licensor a royalty at the rate of 10 percent (10%), or a royalty rate as otherwise agreed upon by the parties on a case-by-case basis, of the sales price of all Licensed products manufactured using the Licensed Patents and any future patents derived therefrom. Sales price means the invoice price of all Licensed Products sold under this Agreement, less freight and customary trade discounts.

4. *Payments.* Payments of royalties on all products sold during each month shall be made on or before the 15th day of the following month. Payments of royalties shall be accompanied by statements showing the basis upon which royalties are paid and the period for which such royalties are paid. Licensee shall keep accurate records showing the quantity and sales price of Licensed Products manufactured and sold under this Agreement, which records shall be open to inspection of representatives of Licensor at all reasonable times.


EXHIBIT A

5.  **Term.**

   (a) This Agreement shall be in force and effect for a minimum of ~~five (5)~~ ONE (1) [yr JM] years from date of execution, and continue thereafter from year to year on an annual basis unless either party gives notice to the other not less than six (6) months prior to the expiration of their current year's tenure of the Agreement that it will not be renewed when such current year expires. Notwithstanding the foregoing, the Agreement automatically terminates upon the conclusion of the last patent related to the Licensed Patents. Failure to renew does not grant any license, whether implied or otherwise, under the Licensed Patents or any future patents derived therefrom.

   (b) If Licensee shall default in making royalty payments or shall commit any other substantial breach of this Agreement, Licensor may terminate this Agreement by giving Licensee written notice of Licensor's election to terminate as of a stated date, not less than ninety (90) days from the date of the mailing of such notice. Such termination, however, shall not relieve Licensee of its obligations incurred prior to such termination, and shall not impair any of Licensor's rights accrued prior to such date.

6.  **Secrecy.** Licensee shall keep secret the methods, processes and techniques and all information, knowledge, know-how, trade practices and secrets divulged, disclosed, or in any way communicated by Licensor to Licensee pertaining thereto. Licensor shall have the right, however, to communicate the same to its employees for the purpose of and to the extent necessary for manufacturing, distributing and selling the Licensed Products as herein provided, but each employee to whom such information is communicated shall correspondingly be bound to secrecy. Nothing herein shall impose any obligation of secrecy or confidentiality on Licensee as to any information that was publically disclosed by any person or entity other than Licensor.

7.  **Construction.** This Agreement embodies the entire understanding between the parties and shall be deemed to be an Illinois contract subject to interpretation in accordance with the laws of the State of Illinois.

8.  **Benefit.** This Agreement shall be binding upon and inure to the benefit of the successors and assigns of Licensor, and shall be binding upon Licensee.

   IN WITNESS WHEREOF, the parties have executed this Agreement by their duly authorized representatives on the day and year set forth below.

Date: March 8, 2003            _Maria McWillip_
                               MALESSA PARTNERS, L.L.C.

Date: March 8 2003             _[signature]_
                               SPECIALTY TAPE & LABEL COMPANY, INC.

2

```
04/29/2008  13:45    8156545999         INTEGRATED LABELS CO              PAGE  02
 09/04/2001 04:18 FAX                                                     ☒001/001
04/29/2008  18:37    170806234'4        SPECIALTY TA_ _ _ _
```

# COVER SHEET


Specialty Tape & Label, Inc.

7830 W. 47th St.
LYONS, IL 60534
708-863-3800/3400
OUTSIDE IL 800-323-9495
E-MAIL: HDSISTL@AOL.COM
WWW.SPECIALTYTAPEANDLABEL.COM

DATE: 4-29-08

TO: John

FROM: Al

My Lawyer handling over agreement is checking something out. He told me not to do anything till we get together on Fri May 2nd.

WE ARE TRANSMITTING    PAGES INCLUDING COVER
IF YOU DO NOT RECEIVE ALL PAGES PLEASE CALL.

EXHIBIT
B

# FITCH EVEN TABIN & FLANNERY
### INTELLECTUAL PROPERTY LAW | EST. IN 1859

WRITER'S E-MAIL
JBIRMI@FITCHEVEN.COM

May 1, 2008

VIA FACSIMILE

Jefferson Perkins
Momkus McCluskey LLC
3051 Oak Grove Road, Suite 220
Downers Grove, IL 80515-1181

Re:   Our File No. 7197/92749

Dear Mr. Perkins:

We represent John J. McKillip and Malessa Partners, L.L.C. in patent matters. We understand that you represent Specialty Tape & Label, Inc. Our client has been advised that you are reviewing a license agreement between our respective clients. If you have any questions regarding the license agreement, please direct them to us.

Very truly yours,

FITCH, EVEN, TABIN & FLANNERY

Jon A. Birmingham

JAB/ lte/508356
cc:   Malessa Partners, L.L.C.

EXHIBIT
C

# FITCH EVEN TABIN & FLANNERY
### INTELLECTUAL PROPERTY LAW | EST. IN 1859

WRITER'S E-MAIL
JBIRMI@FITCHEVEN.COM

May 12, 2008

<u>VIA FACSIMILE TO (630) 434-0444</u>

Jefferson Perkins
Momkus McCluskey LLC
3051 Oak Grove Road, Suite 220
Downers Grove, IL 80515-1181

    Re:    <u>Our File No. 7197/92749</u>

Dear Mr. Perkins:

    As mentioned in our letter of May 1, 2008, we represent Malessa Partners, L.L.C. in patent matters. Our client and Specialty Tape & Label Company, Inc. entered into a License Agreement dated March 8, 2003. Under the terms of the License Agreement, Specialty Tape & Label is obligated to make certain royalty payments to Malessa Partners. Please advise whether you client has provided all royalty payments that are due under the License Agreement.

                      Very truly yours,

                      FITCH, EVEN, TABIN & FLANNERY

                      Jon A. Birmingham

JAB/ lte/509160
cc:    Malessa Partners, L.L.C.

# FITCH EVEN TABIN & FLANNERY
### INTELLECTUAL PROPERTY LAW | EST. IN 1859

WRITER'S E-MAIL
JBIRMI@FITCHEVEN.COM

June 3, 2008

<u>VIA FACSIMILE TO (630) 434-0444</u>

Jefferson Perkins
Momkus McCluskey LLC
3051 Oak Grove Road, Suite 220
Downers Grove, IL 80515-1181

Re:   <u>Our File No. 7197/92749</u>

Dear Mr. Perkins:

 As mentioned in our letters of May 1 and May 12, 2008, we represent Malessa Partners, L.L.C. in patent matters. In our letter of May 12, 2008, we requested that you advise whether Specialty Tape & Label Company, Inc. had provided all royalty payments that were and are due under the License Agreement dated March 8, 2003. We have yet to receive a written response indicating if and when you would be providing that information to us. Accordingly, Malessa plans on exercising its right under the License Agreement for inspection of Specialty's records. Please propose several dates for us to choose from for the inspection.

           Very truly yours,

           FITCH, EVEN, TABIN & FLANNERY

           Jon A. Birmingham

JAB/ lte/510535
cc: Malessa Partners, L.L.C.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALESSA PARTNERS, LLC, an Illinois limited liability company, )<br>)<br>) | )<br>)<br>) Case No. |
| Plaintiff, ) | ) |
| ) | ) Hon. |
| v. ) | ) |
| ) | ) Magistrate |
| SPECIALTY TAPE & LABEL COMPANY, INC., an Illinois corporation, )<br>)<br>) | ) FILED: SEPTEMBER 4, 2008<br>) 08CV5057<br>) JUDGE COAR |
| Defendant. ) | ) MAGISTRATE JUDGE VALDEZ<br>  YM |

## NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Northern District of Illinois on September 4, 2008. A copy of the Notice of Removal is attached to this Notice, and is served and filed herewith.

          Respectfully submitted,

          MOMKUS McCLUSKEY, LLC

          By:    /s/ James S. Harkness

James S. Harkness, Esq. (ARDC: 6237256, Email: jharkness@momlaw.com)
Jefferson F. Perkins, Esq. (ARDC 6184458; Email: jperkins@momlaw.com)
MOMKUS McCLUSKEY, LLC
1001 Warrenville Road, Suite 500
(630) 434-0400; (630) 434-0444 Fax
Attorneys for Defendant
Firm No. 13124754
W:\26_59\30149.000002 Pavezza - Patent Infringement Dispute\Pleadings\Notice-Federal

## PROOF OF SERVICE

       Under penalties as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, Sabrina Sanders, the undersigned non-attorney certifies that she served a true and correct copy of *Notice of Removal to Federal Court* to all counsel of record, by (1) electronic mail, and (2) mailing such copies in a stamped envelope, addressed to each party and depositing same in a U.S. Mail Box at Lisle, Illinois, 60532 on September 4, 2008

       /s/ Sabrina Sanders

James S. Harkness, Esq. (ARDC: 6237256, Email: jharkness@momlaw.com)
Jefferson F. Perkins, Esq. (ARDC 6184458; Email: jperkins@momlaw.com)
MOMKUS McCLUSKEY, LLC
1001 Warrenville Road, Suite 500
(630) 434-0400; (630) 434-0444 Fax
Attorneys for Defendant
Firm No. 13124754
W:\26_59\30149.000002 Pavezza - Patent Infringement Dispute\Pleadings\Notice-Federal